**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001153
29-JAN-2015
08:21 AM**

NO. CAAP-13-0001153

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


FEDERAL HOME LOAN MORTGAGE CORPORATION,
Plaintiff-Appellee, v.
LIZA PADRON and LETTY PADRON,
Defendants-Appellants, and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10 AND
DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1812)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendants-Appellants Liza Padron and Letty Padron
(together, the **Padrons**) appeal the following orders and judgments
from the Circuit Court of the First Circuit[1] (**circuit court**):

(1) "Order Granting Plaintiff's Motion for Summary
Judgment Filed November 29, 2011," filed December 18, 2012;

(2) "Writ of Possession," filed December 18, 2012;

(3) "Final Judgment," filed December 18, 2012;

(4) "Order Denying Defendants Liza Padron and Letty
Padron's Non-Hearing Motion to Reconsider This Court's Decision
Granting Plaintiff Federal Home Loan Mortgage Corporation's
Motion for Summary Judgment Filed August 8, 2012," filed November
27, 2012; and

(5) "Amended Final Judgment," filed May 29, 2013.

---

[1] The Honorable Rhonda Nishimura presided.

On appeal, the Padrons contend the circuit court erred in granting the Motion for Summary Judgment and Writ of Possession in favor of Plaintiff-Appellee, Federal Home Loan Mortgage Corporation (**Federal Home**), because a genuine issue of material fact remained as to whether the subject mortgage loan is void pursuant to Hawaii Revised Statute (**HRS**) § 454-8 (1993) (repealed effective Jan. 1, 2011).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Padrons' appeal is without merit.

On appeal, the only point of error the Padrons raise is that the circuit court erred when it granted Federal Home's Motion for Summary Judgment because a genuine issue of material fact remained as to whether the underlying promissory note (**Note**) and mortgage (**Mortgage**), securing the Note, are void pursuant to HRS § 454-8. The Padrons argue that because the Note and Mortgage are void, the "purported foreclosure of that [Mortgage] and subsequent quitclaim transfer of title to [Federal Home] are similarly void."

Under HRS § 454-8, "[a]ny contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable." The Padrons contend that "[l]icensing as a mortgage broker was an absolute requirement for any non-exempt entity engaging in the business of mortgage lending in the State of Hawai'i, as [SecurityNational Mortgage Company dba SecurityNational Mortgage Company, Inc. (**SecurityNational**)] did here."[3] The Padrons appear to suggest that all non-exempt

---

[2] HRS § 454-8 provides in relevant part:

> **§ 454-8 Penalty, contracts void. . . .** Any contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable.

[3] The Padrons obtained the Note from SecurityNational. As security for the Note, the Padrons also executed a Mortgage on their Property to Mortgage Electronic Registration Systems, Inc. (**MERS**), as nominee for SecurityNational. On May 18, 2010, MERS assigned its interest in the Mortgage (continued...)

mortgage lenders are required to hold a mortgage broker license, even if the lenders do not engage in the practice of mortgage brokering.

The Hawai'i Supreme Court, however, has specifically rejected this argument in Beneficial Hawaii, Inc. v. Kida, 96 Hawai'i 289, 30 P.3d 895 (2001). The court in Kida determined that "a hyperliteral construction of HRS § 454-8 would yield an absurd result, inasmuch as a contract wholly unrelated to mortgage brokerage activity, notwithstanding that a party to the contract is a unlicensed mortgage broker, is obviously beyond the intended scope of the statute." Id. at 309, 30 P.3d at 915. Accordingly, the Kida court held that "HRS § 454-8 must be interpreted to invalidate only those contracts into which unlicensed mortgage brokers enter in their capacity as mortgage brokers within the meaning of HRS § 454-1." Id.

It is undisputed that SecurityNational was not licensed as a mortgage broker when the Padrons obtained their mortgage loan. Thus, the determining issue on appeal is whether the Padrons raised a genuine issue of material fact as to whether SecurityNational brokered the Padrons' 2007 mortgage loan so as to require a mortgage broker license.

HRS § 454-1 (1993) (repealed effective Jan. 1, 2011) defines "[m]ortgage broker" as "a person not exempt under section 454-2 who for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly makes, negotiates, acquires, or offers to make, negotiate, or acquire a mortgage loan on behalf of a borrower seeking a mortgage loan." (Emphasis added.)

The Padrons allege that SecurityNational was a mortgage broker without producing any evidence in support of such a claim. It is well settled that "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, 'nor is [the party] entitled to a trial on the basis

---

[3](...continued)
to BAC Home Loans Serving, LP (**BAC**). BAC subsequently foreclosed on the Property and obtained title to the Property in a public auction. BAC then transferred title to the Property to Federal Home, Plaintiff-Appellee in this current action.

of a hope that [the party] can produce some evidence at that time.'" Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983)).

The Padrons' joint declaration does not offer proof that SecurityNational made, negotiated, or acquired the Padrons' mortgage loan on behalf of Padron. The joint declaration only states that "[i]n order to purchase the Property, [the Padrons] obtained a loan from [SecurityNational]." The record indicates that SecurityNational was merely the named lender on the Padrons' Note and Mortgage, as put forth by Federal Home. SecurityNational was acting on its behalf as a lender, not on behalf of Padron as a broker. The Padrons have failed to raise a genuine issue of material fact as to whether SecurityNational acted as a mortgage broker.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's (1) "Order Granting Plaintiff's Motion for Summary Judgment Filed November 29, 2011," filed December 18, 2012; (2) "Writ of Possession," filed December 18, 2012; (3) "Final Judgment," filed December 18, 2012; (4) "Order Denying Defendants Liza Padron and Letty Padron's Non-Hearing Motion to Reconsider This Court's Decision Granting Plaintiff Federal Home Loan Mortgage Corporation's Motion for Summary Judgment Filed August 8, 2012," filed November 27, 2012; and (5) "Amended Final Judgment," filed May 29, 2013, are affirmed.

DATED: Honolulu, Hawai'i, January 29, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Zeina Jafar
(Dubin Law Offices)
for Defendants-Appellants.

Charles R. Prather
Sofia Hirosane McGuire
(RCO Hawaii)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge